IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WITTE FORD, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-08-3755 |
| | § | |
| DEALER COMPUTER SERVICES, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Vacate Arbitration Award [Doc. # 1] filed by Witte Ford, Inc. ("Witte") and the Motion to Confirm Arbitration Award [Doc. # 3] filed by Dealer Computer Services ("DCS"). The motions have been fully briefed.[1] The Court has carefully reviewed the record in this case. Based on the Court's review of the full record and the application of governing legal authorities, the Court **confirms** the Arbitration Award.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Witte is a Ford dealership in Minnesota. DCS is a computer systems company that provides computer systems for motor vehicle dealerships. Witte and DCS had a contract for DCS to provide computer systems for Witte's dealership. The contract

---

[1]    DCS filed a Response [Doc. # 4] to Witte's Motion, and Witte filed a Reply [Doc. # 10]. Witte filed a Response [Doc. # 9] to DCS's Motion, and DCS filed a Reply [Doc. # 11].

included an arbitration provision that required arbitration of all disputes arising out of or relating to the contract.

A dispute arose between the parties, which they submitted to arbitration. In August 2004, the arbitrator found in DCS's favor and awarded DCS $72,607.07. The August 2004 arbitration award was confirmed by United States District Judge Sim Lake in February 2005. *See* Judgment [Doc. # 6] in *Ford Dealer Computer Services, Inc. v. Witte Ford, Inc.*, Civil Action No. H-04-4681.

In May 2005, DCS registered its judgment in Minnesota state court, where it also filed a garnishment complaint against Witte as the judgment debtor and Harold Witte as the garnishee.[2]  The Minnesota Court found that Harold Witte and his company disagreed with the judgment entered by the arbitrator and confirmed by Judge Lake and, therefore, did not want to pay the judgment. *See* Findings of Fact, Conclusions of Law, Order for Judgment, Exh. E to Motion to Vacate, pp. 7-8. The Minnesota Court entered judgment in favor of DCS against Harold Witte in the amount of $87,122.55. *See id.* at 11.

As of June 2007, Witte still had not paid the 2004 arbitration judgment. On June 11, 2007, DCS filed a Demand for Arbitration seeking attorney's fees and expenses incurred "in connection with enforcement of the contract." DCS advised the

---

[2]  Harold Witte was the President, Treasurer, and major shareholder of Witte.

arbitration panel that the damages claimed in the arbitration were it attorney's fees incurred in attempting to enforce the 2004 arbitration award through the garnishment proceeding in Minnesota. The arbitration panel held that the dispute was arbitrable, and held in favor of DCS on the merits. The arbitration panel held specifically that DCS could recover its attorney's fees incurred in attempting to enforce the 2004 arbitration award. *See* Commercial Award dated September 30, 2008, Exh. K to Motion to Vacate. The arbitration panel awarded DCS $90,781,46 in damages (attorney's fees) and $37,203.17 for the arbitration panel's fees. *See id.*

On December 29, 2008, Witte filed its Motion to Vacate Arbitration Award. On December 30, 2008, DCS filed its Motion to Confirm Arbitration Award. The motions are ripe for decision.

## II.     ANALYSIS

### A.     Standard of Review of Arbitration Award

A Court's review of an arbitration award is "exceedingly deferential" and the award can be vacated only on "very narrow grounds." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). "A court must affirm an arbitral award if the arbitrator is 'arguably construing or applying the contract and acting within the scope of his authority.'" *Teamsters Local No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484

U.S. 29, 38 (1987)). If the award is "rationally inferable" from the record before the arbitrator, the Court must affirm the award. *Kergosien v. Ocean Energy, Inc.*. 390 F.3d 346, 353 (5th Cir. 2004). The Court cannot vacate an arbitration award even if the arbitrator failed to apply governing law correctly. *American Laser Vision, P.A. v. The Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007).

### B. Statutory Bases for Vacating An Arbitration Award

The Federal Arbitration Act ("FAA") sets forth the four statutory bases for vacating an arbitration award:

(1) where the award was procured by corruption, fraud or undue means;

(2) where there is evidence of partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct . . . or any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers . . ..

9 U.S.C. § 10(a).

Witte argues that the arbitration panel exceeded its powers when it held that the post-judgment attorney's fees issue was arbitrable and when it awarded those fees to DCS. An arbitration panel does not exceed its powers if the arbitrator's award is "in some logical way" derived from the "wording or purpose of the contract." *See Apache*

*Bohai Corp. v. Texaco China BV*, 480 F.3d 397, 404 (5th Cir. 2007). The "single question is whether the award, however arrived at, is rationally inferable from the contract." *Id.* at 405. "To determine whether an arbitrator exceeded his powers, [the Court] must examine the language of the arbitration agreement." *Glover v. IBP, Inc.*, 334 F.3d 471, 474 (5th Cir. 2003). "When an arbitration agreement gives an arbitrator authority to interpret and apply a contract, the arbitrator's construction of that contract must be enforced so long as it is 'rationally inferable from the letter or purpose of the underlying agreement.'" *Id.* (quoting *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994)).

Here, the arbitration provision in the parties' contract was extremely broad, requiring arbitration of any disputes "arising out of, or relating to this Agreement." Such broad language indicates the parties' intent for the arbitration clause "to reach all aspects of the relationship." *See Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213 n.2 (5th Cir. 1993). DCS's attempt to recover its expense incurred in collecting amounts due under the contract, as previously determined in the 2004 arbitration award, can reasonably be viewed as "relating to" the contract. The arbitration panel did not exceed its powers in deciding that the attorney's fee issue was arbitrable.

The arbitration panel similarly did not exceed its powers when it awarded DCS the expenses it incurred in attempting to enforce and collect the 2004 arbitration award. The parties' contract provided for Witte to "reimburse DCS for any and all expenses DCS may incur, including reasonable attorney's fees, in collection of amounts due under its Agreement . . .." *See* Agreement, Exh. 2 to DCS's Response [Doc. # 4]. The arbitration panel held that this contractual provision "contemplates [DCS] being reimbursed for attorney's fees and expenses incurred in collection activities of any amounts due under the Agreement by award/judgment or otherwise." *See* Commercial Award, p. 2. Whether or not the arbitration panel's decision was based on a correct application of Texas law, it is clear that it was based on the arbitration panel's reasoned interpretation of the parties' contract. Indeed, a district court in the Eastern District of New York had previously construed virtually identical language to allow an award of attorney's fees incurred in proceedings to enforce an arbitration award. *See Universal Computer Svcs., Inc. v. Dealer Svcs., Inc.*, 2003 WL 21685567 (E.D.N.Y. July 18, 2003). Awarding DCS its expenses, including attorney's fees, incurred in attempting to enforce and collect the amounts due under the contract, as determined in the 2004 arbitration award, was not beyond the powers of the arbitration panel.

The arbitration panel's decisions that the attorney's fee dispute was arbitrable and that DCS was entitled to recover the attorney's fees in incurred in the Minnesota garnishment proceeding were not beyond their powers and must be confirmed.

### C.  Nonstatutory Bases Asserted for Vacating the Arbitration Award

Witte argues that the arbitration panel acted with "manifest disregard" of the law.  Witte appears also to make a "contrary to public policy" argument for vacating the arbitration award by arguing that allowing an arbitration award for attorney's fees incurred in collecting a prior arbitration award would create "an endless cycle of arbitrations over post-judgment attorney's fees and collection actions that will never end."[3]  *See* Motion to Vacate, p. 1.  The Fifth Circuit previously recognized "manifest dissregard" and "contrary to public policy" as nonstatutory bases for vacating an arbitration award.  Recently, however, the United States Supreme Court held that the grounds listed in the FAA are the "exclusive grounds" for vacating or modifying an arbitration award.  *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, __ U.S. __, 128 S. Ct. 1396, 1403 (2008).  The Fifth Circuit has noted that the *Hall* decision "calls into

---

[3]  It is unclear how it favors public policy to permit a party against whom an arbitration award has been issued and confirmed by a federal district court to avoid paying the valid award for well over four years with no consequences.

doubt the non-statutory grounds" previously recognized in the circuit. *See Rogers v. KBR Tech. Svcs. Inc.*, 2008 WL 2337184, *2 (5th Cir. June 9, 2008). Similarly, at least one court in this federal district has noted that "the Supreme Court's decision in *Hall Street* is unequivocal that the grounds upon which vacatur may be based as listed in § 10 [of the FAA] are exclusive." *See Ascension Orthopedics, Inc. v. Curasan, AG*, 2008 WL 2074058, *2 (S.D. Tex. May 14, 2008) (Miller, J.). Consequently, it is unlikely that "manifest disregard" and "contrary to public policy" remain viable bases for vacating an arbitration award.

Even if "manifest disregard" were still a viable nonstatutory basis for vacating an arbitration award, the doctrine allows a Court to vacate an award only where it is shown that the arbitrator understood and appreciated "the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *See Prestige Ford v. Ford Dealer Computer Svcs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003). There is nothing in this record to indicate that the arbitration panel recognized a governing legal principle of Texas law and intentionally decided to ignore it. "Manifest disregard" -- even if it remained a viable basis for vacating an arbitration award after the Supreme Court's decision in *Hall* -- would not warrant vacating the award in this case.

## IV.    DCS'S REQUEST FOR FEES IN THIS PROCEEDING

DCS seeks to recover its attorney's fees incurred in connection with the Motion to Confirm Arbitration Award. The parties' Agreement does not clearly and specifically provide for recovery of attorney's fees incurred in confirmation proceedings, the FAA does not provide for recovery of fees for confirmation proceedings, and the Court does not find that Witte was acting in bad faith in seeking to have the arbitration award vacated. As a result, the Court declines to award fees to DCS for this proceeding.

## V. CONCLUSION AND ORDER

Based on the limited scope of the Court's review of an arbitration award, it is hereby

**ORDERED** that DCS's Motion to Confirm Arbitration Award [Doc. # 3] is **GRANTED** and the arbitration award issued September 30, 2008, is confirmed. It is further

**ORDERED** that Witte's Motion to Vacate Arbitration Award [Doc. # 1] is **DENIED**.

The Court will issu-e a separate final order.

SIGNED at Houston, Texas, this **19th** day of **February, 2009**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge